# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-00015-01-CR-W-BP |
| | ) |
| RASHIDI CROSDALE, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This matter is currently before the Court on Defendant Rashidi Crosdale's *Pro Se* Motion to Dismiss Due to Vindictive Prosecution, which was filed on October 2, 2020. Doc. 122. The Government filed Suggestions in Opposition on October 30, 2020. Doc. 130. Defendant filed his Response to the Government's Suggestions in Opposition on November 16, 2020. Doc. 135. For the reasons set forth below, it is recommended that Defendant's motion be DENIED.

## I. BACKGROUND

Defendant was initially charged by way of a grand jury indictment, returned on January 31, 2018, with one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a). Doc. 11. On June 23, 2020, the Grand Jury returned a superseding indictment that charged the same offense as in the initial indictment, but added an element that Defendant possessed the firearm "knowing" he had been convicted of a crime punishable by imprisonment for a term exceeding one year.[1] Doc. 111. On July 22, 2020, the Grand Jury returned a three-count second superseding indictment. Doc. 115. Count One charges Defendant

---

[1] The addition of a knowledge element related to the prior felony was to comply with the United States Supreme Court's decision in *Rehaif v. United States,* 139 S. Ct. 2191 (2019). *See* Doc. 130 at 3.

with knowingly and intentionally possessing with intent to distribute a controlled substance, phencyclidine ("PCP"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). *Id.* Count Two charges Defendant with knowingly possessing a firearm in furtherance of the drug trafficking crime alleged in Count One in violation of 18 U.S.C. § 924(c)(1)(A)(i). *Id.* Count Three charges Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *Id.* All counts allege the offenses occurred on or about January 9, 2018. *Id.*

Defendant seeks to dismiss the second superseding indictment due to vindictive prosecution. *See* Doc. 122. Defendant argues the second superseding indictment was brought by the Government because Defendant "decides [sic] to exercise his right and proceed forward." *Id.* at 7. Defendant argues that because he refused to "negotiate any plea offer and proceed with the right to exercise his procedural, statutory, and constitution [sic] right to proceed with trial," the Government brought new charges against him. *Id.* at 8. Defendant wants this Court to believe that because the additional charges in the second superseding indictment are based on the same conduct that was the subject of the first indictment, vindictive prosecution must be present. *Id.*

The Government argues the second superseding indictment was not brought because Defendant exercised his legal rights, but instead was based on "additional information" uncovered as the Government prepared for trial. Doc. 130 at 7. The Government argues it was not until after the initial superseding indictment was returned in June 2020, that the prosecutor spoke with the forensic specialist who tested the PCP with which Defendant allegedly possessed. Doc. 130 at 3. During this conversation, the Government learned for the first time the recorded weight of the PCP in the lab report was the net weight, as opposed to the gross weight, which often includes the weight of the container. *Id.* According to the Government, this new information about the net weight was a determinative factor in whether the PCP was possessed for distribution purposes. *Id.*

2

After speaking with the forensic specialist, the Government obtained a verbal opinion from a Kansas City Police Department detective who indicated the amount of PCP seized from Defendant exceeded the amount typically possessed by a mere user. *See* Doc. 130 at 4. Based on the new information concerning drug weight, the Government presented a second superseding indictment to the Grand Jury that included the additional counts of possession with intent to distribute phencyclidine and possession of a firearm in furtherance of a drug trafficking crime. Doc. 130 at 6. The Government argues the charging decision was based solely on the new information it obtained and was not to penalize Defendant for exercising his legal rights. Doc. 130 at 6-7.

## II. DISCUSSION

A prosecutor's discretion to charge is very broad. *United States v. Punelli,* 892 F.2d 1364, 1371 (8th Cir. 1990). The Due Process Clause is not offended by all possibilities of increased punishment resulting from a prosecutor's charging decision. *United States v. Goodwin,* 457 U.S. 368, 384 (1982). However, a prosecution designed solely to punish a defendant for exercising a valid legal right constitutes impermissible prosecutorial vindictiveness in violation of the Due Process Clause. *See, e.g., United States v. Campbell,* 410 F.3d 456, 461 (8th Cir. 2005); *United States v. Leathers*, 354 F.3d 955, 961 (8th Cir. 2004). There can be no vindictiveness if the prosecutor revised a charge because of newly discovered evidence. *Punelli,* 892 F.2d at 1372.

To demonstrate prosecutorial vindictiveness, a defendant must show the new charges in a superseding indictment were sought in retaliation for exercising constitutional or statutory rights. *United States v. Chappell,* 779 F.3d 872, 879 (8th Cir. 2015); *Punelli,* 892 F.2d at 1371. A defendant's evidentiary burden is "a heavy one" in light of the "broad discretion given to prosecutors in carrying out their duty to enforce criminal statutes." *Leathers,* 354 F.3d at 961; *see also United States v. Stroud,* 673 F.3d 854, 859 (8th Cir. 2012); *Chappell,* 779 F.3d at 879.

3

A defendant can show prosecutorial vindictiveness in one of two ways. First, the defendant can establish prosecutorial vindictiveness by presenting objective evidence that the prosecutor's decision to seek a more severe charge was intended to punish the defendant for exercising a legal right. *United States v. Williams*, 793 F.3d 957, 963 (8th Cir. 2015); *Campbell,* 410 F.3d at 461. An example of objective evidence showing vindictive motive would be a prosecutor's statement that he or she is bringing a new charge to dissuade the defendant from exercising his or her legal rights. *Campbell,* 410 F.3d at 462.

Alternatively, when there is no such evidence, a defendant may, in "rare" instances, rely upon a presumption of vindictiveness if he or she provides sufficient evidence to show a reasonable likelihood of vindictiveness exists. *Williams,* 793 F.3d at 963; *Chappell,* 779 F.3d at 879. In assessing whether a presumption of vindictiveness exists, the Court must examine the Government's actions in the context of the entire proceedings. *Williams,* 793 F.3d at 963. If the presumption is not created, the burden of proof to establish vindictive prosecution remains with the defendant. *Punelli,* 892 F.2d at 1371.

In this case, Defendant has failed to carry the heavy burden of establishing prosecutorial vindictiveness under either approach. First, Defendant has not offered or produced any objective evidence the Government filed the second superseding indictment in order to punish Defendant for exercising his valid legal rights. Instead, Defendant appears to base his entire argument of actual vindictiveness on the timing of the second superseding indictment. Specifically, Defendant argues that because he asserted his right to trial, the Government sought to charge him with additional charges. *See* Doc. 122. However, the timing of the second superseding indictment, standing alone, does not constitute objective evidence of a vindictive or improper motive. *See, e.g., Campbell,* 410 F.3d at 461-62 (stating the timing of the government's opposition to a motion

4

for new trial and its decision to seek additional charges in a superseding indictment after the new trial was granted does not rise to the level of objective evidence of vindictiveness).

Furthermore, Defendant has not presented evidence to support a presumption of vindictiveness to be successful under the second approach. "A presumption does not arise just because the action detrimental to the defendant was taken after the exercise of the defendant's legal rights; the context must also present a reasonable likelihood of vindictiveness." *Campbell,* 410 F.3d at 462. Further, "[a]lthough a rebuttable presumption of vindictiveness may arise when prosecutors increase the number or severity of charges, 'if any objective event or combination of events in those proceedings should indicate to a reasonable minded defendant that the prosecutor's decision to increase the severity of charges was motivated by some purpose other than a vindictive desire to deter or punish . . . no presumption of vindictiveness is created.'" *Punelli*, 892 F.2d at 1371 (quoting *United States v. Krezdorn*, 718 F.2d 1360, 1365 (5th Cir. 1983)).

The Supreme Court has cautioned against applying a presumption of prosecutorial vindictiveness to charging decisions made before trial. *See Goodwin,* 457 U.S. at 380-81. The *Goodwin* Court observed that in "preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution or he simply may come to realize that information . . . has broader significance." *Id.* at 381. The *Goodwin* Court also observed a criminal defendant routinely files motions and exercises various rights, including a trial by jury, and it would be unrealistic to assume any response by the Government to such motions would be seeking to penalize or to deter. *Id.* A prosecutor should generally remain free before trial to exercise a charging decision and an initial decision "should not freeze" future conduct. *Id.* at 382.

In its response to Defendant's motion, the Government detailed the newly discovered information supporting its decision to seek the second superseding indictment. Doc. 130 at 6-7. However, as discussed *supra*, no prosecutorial vindictiveness exists if the prosecutor revised the

5

charges because of newly discovered evidence or some objective reason other than to punish the defendant for exercising his legal rights. *Campbell,* 410 F.3d at 462. Such is the case here. Taking into consideration the entire context of the proceedings, the circumstances and timing surrounding the second superseding indictment do not establish a reasonable likelihood of vindictiveness, so no presumption of vindictiveness should apply.

Defendant has failed to meet the heavy burden of presenting objective evidence that the Government obtained the second superseding indictment to punish him for exercising his valid legal rights. Defendant has also failed to present evidence demonstrating a reasonable likelihood of vindictiveness to warrant a presumption in this case. However, even if the Court found a presumption of vindictiveness was applicable, the Government's explanation for seeking the second superseding indictment is more than sufficient to rebut the presumption and dispel any notion of vindictiveness.

### III. CONCLUSION

Based on the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying Defendant's *Pro Se* Motion to Dismiss Due to Vindictive Prosecution. Doc. 122.

Counsel and Defendant are reminded they have fourteen days in which to file any objections to this Report and Recommendation. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation except on the grounds of plain error or manifest injustice.

DATE: December 21, 2020      */s/ W. Brian Gaddy*
                             W. BRIAN GADDY
                             UNITED STATES MAGISTRATE JUDGE

6

Case 4:18-cr-00015-BP   Document 140   Filed 12/21/20   Page 6 of 6