IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-00015-01-CR-W-BP |
| | ) | |
| RASHIDI CROSDALE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND (2) DENYING DEFENDANT'S MOTION TO DISMISS THE SECOND SUPERSEDING INDICTMENT

Defendant Rashidi Crosdale has been charged in a Second Superseding Indictment with one count each of (1) possessing PCP with the intent to distribute, (2) possessing a firearm in furtherance of the drug trafficking crime charged in Count I, and (3) being a felon in possession of a firearm. (Doc. 115.) He filed a Motion to Dismiss, (Doc. 122), seeking to dismiss all charges due to alleged prosecutorial vindictiveness. The Honorable W. Brian Gaddy, United States Magistrate Judge for this District, reviewed the parties' written arguments and on December 21, 2020, he issued a Report recommending that the Motion to Dismiss be denied. (Doc. 140.) Defendant filed a timely objection; the Government has not responded and the time for doing so has passed.

The Court has conducted a de novo review as required by 28 U.S.C. § 636(b)(1) and has reviewed the parties' submissions to Judge Gaddy and Defendant's objection to his report. The Court now adopts the Report as the Order of the Court and denies the Motion to Dismiss; the Court's discussion is intended to augment, not replace, the Report's recommended findings and conclusions.

Defendant was arrested in January 2018 and indicted later that month with one count of being a felon in possession of a firearm. (Doc. 11.) He was appointed counsel, and at his request new counsel was appointed in June 2018. (Doc. 31.) In March 2019 Defendant filed a Motion to Suppress. (Doc. 47.) A Report and Recommendation was issued in September 2019, (Doc. 75),[1] and the Court adopted the Report and Recommendation and denied the Motion to Suppress in November 2019. (Doc. 84.)

Shortly after the Motion to Suppress was denied, Defendant's request to proceed pro se was granted. (Doc. 86.) In June 2020, the Grand Jury returned a Superseding Indictment to include allegations regarding Defendant's knowledge in light of the Supreme Court's intervening decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), but no additional charges were added. (Doc. 111.) Approximately one month later, the Grand Jury returned the Second Superseding Indictment, which added the counts charging possession of PCP with the intent to distribute and possession of a firearm in connection with that offense. (Doc. 115.) In the interim, Defendant has filed numerous motions (which need not be detailed here) and rejected offers to plead guilty.

Defendant argues that the addition of the new charges was the product of prosecutorial vindictiveness in that they constituted retaliation for his decisions to (1) persist in his plea of not guilty, (2) represent himself, and (3) file multiple motions. He points out that the PCP forming the basis for the new charges was recovered from Defendant when he was arrested in January 2018, yet he was not charged with any crimes related to the PCP until more than two years later. According to Defendant, this delay, coupled with (1) his repeated assertion of his rights and (2)

---

[1] The Report and Recommendation was issued by the Honorable John T. Maughmer, United States Magistrate Judge for this District.

the timing between his assertion of some of his rights and the Second Superseding Indictment, demonstrates vindictiveness by the Government and justifies dismissal of the charges.  The Court agrees with the Report's recommendation that Defendant's Motion to Dismiss should be denied.

A vial containing what was believed to be PCP was recovered when Defendant was arrested in January 2018, and it was then sent to the KCPD Crime Lab.  A report was authored by Kristen McCannon in November 2018; the report describes the item being tested as a "vial of PCP" and states that the "item . . . appeared as an amber liquid, weighing 19.15 [plus or minus] 0.12 grams, that was determined *to contain*" PCP.  (Doc. 130-1, p. 1 (emphasis added).)  It is not entirely clear from this report whether the "item" weighing approximately 19.15 grams and containing PCP was (1) the vial and the liquid together or (2) just the liquid.  Counsel for the Government did not contact Ms. McCannon to discuss her report until after the Superseding Indictment was returned in June 2020, and at that time learned that the weight was for the liquid and did not include the vial.  Further investigation revealed that this quantity of PCP was more than a "personal use" quantity, and the quantity evidenced an intent to distribute.  (Doc. 130-2.)  Approximately one month later, the Government sought (and the Grand Jury returned) the Second Superseding Indictment.

The Report sets forth the legal principles governing a claim of prosecutorial vindictiveness, (Doc. 140, pp. 3-5), and the Court adopts that discussion without reciting it in full.  In short, Defendant has not identified any objective evidence of vindictiveness, such as an explicit statement from the Government that it sought additional charges to dissuade Defendant from asserting his rights or to punish him for doing so.  *See United States v. Campbell*, 410 F.3d 456, 462 (8th Cir. 2005).  In addition, the circumstances do not demonstrate a likelihood of vindictiveness on the Government's part.  "[A] defendant may, in *rare* instances, rely upon a

presumption of vindictiveness, if he provides sufficient evidence to show a reasonable likelihood of vindictiveness exists [in light of] the prosecutor's actions in the context of the entire proceedings." *United States v. Williams*, 793 F.3d 957, 963 (8th Cir. 2015) (quotations omitted). But "timing alone is insufficient to trigger the presumption of vindictiveness" and, like the defendant in *Williams*, Defendant here "provides no evidence—aside from the timing—to show the context of the proceedings present a reasonable likelihood of vindictiveness, and thus he fails to meet his heavy burden to establish prosecutorial vindictiveness." *Id*. at 963-64; *see also Campbell*, 410 F.3d at 462 (citing *United Sates v. Goodwin*, 457 U.S. 368, 373 (1982)).

For these reasons, the Court **OVERRULES** Defendant's objections, (Doc. 142), **ADOPTS** Judge Gaddy's Report and Recommendation, (Doc. 140), as the Order of the Court, and **DENIES** the Motion to Dismiss, (Doc. 122.)

The Clerk of Court shall mail a copy of this Order to:

Rashidi Crosdale
21412-045
Core Civic
100 Highway Terrace
Leavenworth, KS 66048

**IT IS SO ORDERED.**

DATE: January _27_, 2021

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT